UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

NATASHA NANDALALL,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, a municipal entity, and
NYPD OFFICER JUAN GONZALEZ, Shield No. 27448,

                              Defendants.

**ANSWER BY DEFENDANT CITY OF NEW YORK**

07 Civ. 6257 (DAB)

JURY TRIAL DEMANDED

------------------------------------------------------------------ x

Defendant City of New York, by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for an answer to the complaint, respectfully alleges upon information and belief as follows.

1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

2. Denies the allegations set forth in paragraph "2" of the complaint as they relate to defendant City of New York.

3. Defendant states that the allegations set forth in paragraph "3" of the complaint are not averments requiring responses.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to bring this action and invoke the jurisdiction of the Court as stated therein.

5. Denies the allegations set forth in paragraph "5" of the complaint except admits that plaintiff purports to proceed as stated therein.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff purports to bring this action and invoke the jurisdiction of this Court as stated therein.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that plaintiff purports to bring this action in this venue as stated therein.

8. Defendant states that the allegations set forth in paragraph "8" of the complaint are not averments requiring responses.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that the City is a municipal corporation and that it maintains a Police Department. Defendant further refers this Court to the New York City Charter and New York City Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

11. Denies the allegations set forth in paragraph "11" except admit that Juan Gonzalez is employed as a police officer with the New York City Police Department.

12. Defendant states that the allegations set forth in paragraph "12" of the complaint constitute legal conclusions to which no response is required.

13. Defendant states that the allegations set forth in paragraph "13" of the complaint constitute legal conclusions to which no response is required.

14. Defendant the allegations set forth in paragraph "14" of the complaint constitutes legal conclusions to which no response is required.

15. Defendant states that the allegations set forth in paragraph "15" of the complaint constitute legal conclusions to which no response is required.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "22" of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Denies knowledge or information sufficient to form belief as to the truth of the allegations set forth in paragraph "25" of the complaint, except admits that the Internal Affairs Bureau of the New York City Police Department investigated plaintiff's allegations.

26. Denies the allegations set forth in paragraph "26" of the complaint, except admits that defendant Gonzalez is employed by the Police Department and respectfully refers this Court to Gonzalez's statements to the IAB for their content.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Defendant states that the allegations set forth in paragraph "29" of the complaint constitute legal conclusions to which no response is required.

30. Defendant states that the allegations set forth in paragraph "30" of the complaint constitute legal conclusions to which no response is required.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

32. Defendant states that the allegations set forth in paragraph "32" of the complaint constitute legal conclusions to which no response is required.

33. Defendant states that the allegations set forth in paragraph "33" of the complaint constitute legal conclusions to which no response is required.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

35. Denies the allegations set forth in paragraph "35" of the complaint and its subparts.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

38. Defendant states that the allegations set forth in paragraph "38" of the complaint constitute legal conclusions to which no response is required.

### FOR A FIRST AFFIRMATIVE DEFENSE

39. The complaint fails to state a claim upon which relief can be granted.

### FOR A SECOND AFFIRMATIVE DEFENSE

40. To the extent applicable, any injuries in the complaint were caused, in whole or in part, by plaintiff's culpable or negligent conduct.

### FOR A THIRD AFFIRMATIVE DEFENSE

41. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

### FOR A FOURTH AFFIRMATIVE DEFENSE

42. To the extent applicable, plaintiff provoked any incident.

### FOR A FIFTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

### FOR A SIXTH AFFIRMATIVE DEFENSE

44. Plaintiff's claims are barred, in part, by failing to comply with all conditions precedent to suit.

### FOR A SEVENTH AFFIRMATIVE DEFENSE

45. Punitive damages are not obtainable against the City of New York.

## FOR AN EIGHTH AFFIRMATIVE DEFENSE

46. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or State of New York or any political subdivision thereon.

WHEREFORE, defendant City of New York respectfully requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 17, 2007

        MICHAEL A. CARDOZO
        Corporation Counsel of the City of New York
        Attorney for Defendant City of New York
        100 Church Street
        Room 3-212
        New York, New York 10007
        (212) 788-0823

By: _____
        Hillary A. Frommer (HF 9286)
        Senior Counsel

TO:    Jonathan C. Moore, Esq.
        Beldock, Levine & Hoffman, LLP
        Attorneys for Plaintiff
        99 Park Avenue
        Suite 1600
        New York, New York 10016
        (212) 490-0400

Index No. 07 Civ. 6257 (DAB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATASHA NANDALALL,

Plaintiff,

-against-

THE CITY OF NEW YORK, a municipal entity, and NYPD OFFICER JUAN GONZALEZ, Shield No. 27448,

Defendants.

### ANSWER BY DEFENDANT CITY OF NEW YORK

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:* Hillary A. Frommer
*Tel:* (212) 788-0823
*NYCLIS No.*

Due and timely service is hereby admitted.

New York, N.Y. ......................................................, 200......

.................................................................................... Esq.

Attorney for ......................................................................