UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| NATASHA NANDALALL, | |
|       Plaintiff, | 07 Civ. 6257 (DAB) |
| -against- | AFFIRMATION OF JONATHAN C. MOORE, Esq. |
| THE CITY OF NEW YORK and POLICE OFFICER JUAN GONZALEZ, Shield Number 274458 | IN SUPPORT OF MOTION TO SET ASIDE MAY 1, 2008 ORDER |
|       Defendants. | |

------------------------------------------------------------x

JONATHAN MOORE, Esq., hereby declares the following pursuant to 28 U.S.C. §1746:

1. I am the attorney for the Plaintiff NATASHA NANDALALL in the above-captioned matter, and as such I am familiar with the facts and circumstances of the within matter to the extent set forth herein. I submit this declaration in support of Plaintiff's Motion to Set Aside or Vacate this Court's May 1, 2008 Order dismissing without prejudice Defendant Juan Gonzalez from this case for failure to prosecute.

2. On May 1, 2008, I received an ECF notification that due to Plaintiff's alleged failure to prosecute this case against Defendant Juan Gonzalez the Court was dismissing the Complaint against him without prejudice. To say that this Order came as a complete shock would be an understatement for, as both my affirmation and the affidavit of my paralegal, Janice Badalutz, which is annexed to this motion, attests, the Plaintiff has, in fact, engaged in significant efforts to prosecute this action.

3. The misunderstanding that led to this Court's Order of May 1, 2008, was due to the fact that I was unaware of this Court's earlier Order, dated March 6, 2008, wherein the Court

ordered Plaintiff to show cause why her Complaint against Defendant Juan Gonzalez should not be dismissed for failure to prosecute. Upon receiving the ECF dated May 1, 2008, I checked my email and found the March 6, 2008 ECF Order of this Court. However, the March 6, 2008 ECF Order apparently went to my Spam folder and not my Inbox folder. Thus, although I cannot deny that my office received the March 6, 2008 ECF Order, I personally was unaware of it because it went to my Spam folder. I can't explain why it went to my Spam folder, although there have been occasions in the past where ECF notifications from courts have been gone to my Spam folder instead of my Inbox folder.

4. In fact, because this incident occurred with respect to the ECF notifications in this case, on May 5 and May 6, I instructed the internet technician who maintains my firm's computer system to my hard drive. He subsequently found that it had been corrupted with significant viruses and had to be completely re-programmed. These viruses have now been removed and a new virus program has been installed which will, hopefully, avoid such problems in the future in this and other cases on my docket.

5. I reiterate that neither I nor anyone in my firm had any personal knowledge of this Court's March 6, 2008 Order to Show Cause and that if I had such knowledge I would have responded immediately that, in fact, the Plaintiff has taken significant steps to prosecute this case. I would also add that both before and during the period March 6, 2008 to May 1, 2008, my office had several contacts with the Corporation Counsel's office and the attorney handling this matter, Hillary A. Frommer, Esq., in order to move discovery along, and at not time did she indicate that this Court had issued an Order to Show Cause on March 6, 2008, nor did she ever advise me that the City had declined to provide representation to Defendant Juan Gonzalez in

this case.

6. Our efforts to prosecute this matter have included, *inter alia*, timely Rule 26(a) disclosures, the serving on the defendants of Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents and and the providing of medical and school authorizations to the defendants. The Plaintiff has also been examined by a psychiatrist, Dr. Gloria Ellis, M.D., who has already provided an expert evaluation of the Plaintiff to my office.

7. While I understand it was not defense counsel's legal obligation to question me or my assistant about the inconsistency between our efforts to prosecute the case and an un-responded to Order to Show Cause for Failure to Prosecute, it would have been something that I would have mentioned to my adversary in the spirit of attempting to be cooperative with opposing counsel and not seek an unfair advantage, however ephemeral that advantage might be.

8. To permit the dismissal of Plaintiff's Complaint against Defendant Juan Gonzalez would be a manifest injustice. Plaintiff was a minor when she was sexually assaulted by Defendant Juan Gonzalez, a New York City Police Officer in uniform and on duty at the time of the assault, as she was leaving school. Apparently, during the IAB proceedings in this case, Defendant Juan Gonzalez has admitted to this conduct, although he continues to be employed by the New York City Police Department.

9. Moreover, the failure of the Plaintiff to respond to this Court's Order to Show Cause was due to mistake and inadvertence because of a computer malfunction in Plaintiff's counsel's office and had nothing to do with the Plaintiff herself. Plaintiff's counsel can assure this Court that there will be no future failure to comply with any orders of this Court.

11. Under the circumstances, this Court should grant Plaintiff's motion and reconsider

3

and vacate its Order of Dismissal Without Prejudice set forth in it's May 1, 2008 Order. Following the vacating of this Order, Plaintiff is prepared to move aggressively to hold Defendant Juan Gonzalez in default for failure to answer the complaint and to finish all discovery in this case.

Dated:   New York, New York
         May 8, 2008

_____
JONATHAN MOORE, Esq. (JM - 6902)