**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

NATASHA NANDALALL,                                      x

               Plaintiff,                          x

    -against-                                          x          07 Civ. 6257  (DAB)

THE CITY OF NEW YORK, a municipal entity,    x
NEW YORK CITY POLICE OFFICER JUAN
GONZALEZ, Shield No. 27448, individually and   x          AFFIDAVIT OF JANICE M.
in his official capacity,                                                       BADALUTZ IN SUPPORT OF
                                     x          PLAINTIFF'S MOTION FOR
                                         RECONSIDERATION

              Defendants.
-------------------------------------------------------------x

     I, Janice M. Badalutz, paralegal to Jonathan C. Moore, Esq. of Beldock Levine &

Hoffman, LLP, deposes and states that:

     1.     As a paralegal, I have worked with plaintiff's attorney, Jonathan Moore, on the

above-captioned case from its inception and am fully familiar with the facts and circumstances of

this case. I make this affidavit in support of plaintiff's motion for reconsideration.

     2.     On July 6, 2007, I  filed the Complaint in the above-captioned case with the clerk

of court of the United States District Court, Southern District of New York.

     3.     Three days after the Complaint was filed, I assigned legal assistant, Ryan Moore,

to serve the Summons and Complaint on defendants, The City of New York and NYPD Officer,

Juan Gonzalez.

     4.     Pursuant to Rule 4 of the Federal Rules of Civil Procedure, the Summons and

Complaint were served on the City at the Offices of Corporation Counsel for the City of New

York on July 9, 2008; see attached copy of Summons and Proof of Service, **Exhibit 1.**

5.      Pursuant to Rule 4 of the Federal Rules of Civil Procedure, the Summons and Complaint were served on NYPD Officer Juan Gonzalez at the 77th Precinct, defendant's assigned command at the time of service, on July 9, 2007; see attached Summons and Proof of Service, **Exhibit 2.**

6.      During the months of October and November of 2007, I obtained plaintiff's medical and school records in response to the executed authorizations I sent to plaintiff's treaters and the schools she attended during the relevant time period, including an evaluation report by treating psychiatrist, Dr. Gloria Ellis, M.D.

7.      On or about October 18, 2007, plaintiff's attorney received a letter requesting school and medical authorizations from the plaintiff.

8.      On October 31, 2007, I mailed Plaintiff's Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) with cover letter to Assistant Corporation Counsel Attorney, Hillary Frommer; see attached Rule 26(a)(1) Disclosures w/ cover letter, **Exhibit 3.**

9.      On November 13, I sent, under cover, plaintiff's executed medical and school authorizations to the City; see attached letter and copies of authorizations, **Exhibit 4.**

10.     On November 29, 2007, I called Lilia William, Paralegal, Special Federal Litigation Division of the New York City Law Department, in response to her letter, dated November 26, 2007, to plaintiff's attorney regarding the City's intention to serve a subpoena, pursuant to Fed. R. Civ. P. 45, on one of plaintiff's treaters; see attached cover letter and copy of subpoena, **Exhibit 5.**

2

11.    During the telephone conversation with Ms. William, I requested the City provide plaintiff with any and all copies of records received in response to their subpoena. Plaintiff's attorney has not received any responsive letters to date.

12.    On February 12, 2008, I mailed Plaintiff's First Set of Interrogatories and Document Requests to Defendants with cover letter to Assistant Corporation Counsel Attorney, Hillary Frommer, see attached document demands with cover letter, **Exhibit 6.**

13.    On March 27, 2008, subsequent to leaving two voice mail messages for Ms. Frommer the week before, I phoned and spoke to Ms. Frommer about not receiving defendants' response to plaintiff's discovery demands. Ms. Frommer apologized for not getting back to me sooner and explained that she had been in trial. She also informed me that she had never received plaintiff's discovery demands and requested they be resent. Later that same day, I resent, via U.S. mail, another set of Plaintiff's First Set Interrogatories and Document Requests with a copy of the original cover letter to Ms. Frommer (*see notation made in upper right hand corner of the cover letter from Exhibit 6*).

14.    During the telephone conversation described in the foregoing paragraph, Ms. Frommer *never* mentioned anything about the Court's March 6, 2008 Order to Dismiss Plaintiff's Complaint.

15.    Furthermore, I was not made aware of the Court's March 6th Order until Jonathan Moore told me on May 2, 2008.

Dated:    New York, New York
          May 5, 2008

                              _____
                              Janice M. Badalutz

3

State of New York         )
                                 : SS:

County of New York    )

On the 5th day of May, 2008, before me personally came and appeared Janice M. Badalutz, to me known and known to me to be the individual in and who executed the foregoing instrument, and who duly acknowledged to me that she executed the same.

NOTARY PUBLIC

JONATHAN C. MOORE
Notary Public, State of New York
No. 02MO6047335
Qualified in New York County
Commission Expires August 28, 2012

4

# EXHIBIT 1

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

Natasha Nandalall

V.

The City of New York, a municipal entity, and
NYPD Officer, Juan Gonzalez, Shiled No. 27448

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:

**07 CIV 6257**

**JUDGE BATTS**

TO: (Name and address of Defendant)

The City Of New York
Corporation Counsel, The City of New York Law Department
100 Church Street
New York, New York 10007

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Jonathan C. Moore, Esq,
Beldock Levine & Hoffman LLP
99 Park Avenue, Suite 1600
New York, New York 10016

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

JUL 0 6 2007

J. MICHAEL McMAHON

CLERK

_Marcos Quintero_

(By) DEPUTY CLERK

DATE

# EXHIBIT 2

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ Southern _____ District of _____ New York _____

Natasha Nandalall

V.

The City of New York, a municipal entity, and
NYPD Officer, Juan Gonzalez, Shiled No. 27448

## SUMMONS IN A CIVIL ACTION

CASE N**07 CIV** **6257**

### JUDGE BATTS

TO: (Name and address of Defendant)

> New York City Police Officer, Juan Gonzalez, Shield No. 27448
> c/o 77th Precinct
> 127 Utica Avenue
> Brooklyn, New York 11213

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

> Jonathan C. Moore, Esq,
> Beldock Levine & Hoffman LLP
> 99 Park Avenue, Suite 1600
> New York, New York 10016

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                   JUL 0 6 2007

CLERK _____           DATE _____

(By) DEPUTY CLERK

# EXHIBIT 3

# BELDOCK LEVINE & HOFFMAN LLP

## 99 PARK AVENUE

### NEW YORK, N.Y. 10016-1503

ELLIOT L. HOFFMAN
MYRON BELDOCK
BRUCE E. TRAUNER
PETER S. MATORIN
KATHERINE G. THOMPSON
ROBERT L. HERBST
CYNTHIA ROLLINGS
JONATHAN MOORE
KAREN L. DIPPOLD
JEFFREY A. GREENBERG
JONATHAN K. POLLACK
VERA M. SCANLON

TEL: (212) 490-0400
FAX: (212) 557-0565
WEBSITE: blhny.com

LAWRENCE S. LEVINE (1934-2004)

SPECIAL COUNSEL
MARJORY D. FIELDS
COUNSEL
MELVIN L. WULF

REF:

WRITER'S DIRECT DIAL:

October 31, 2007

Hillary A. Frommer
The City of New York Law Department
100 Church Street
New York, New York 10007

Re: <u>Nandalall V. The City of New York, et al.</u>
<u>07 Civ. 6257(DAB)</u>

Dear Ms. Frommer,

Please find enclosed Plaintiff's Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1).

Sincerely,

Jonathan C. Moore

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x

NATASHA NANDALALL,                                      x

               Plaintiff,                       x

   -against-                                       x          07 Civ.6257 (DAB) (DFE)

THE CITY OF NEW YORK, a municipal entity,    x
NEW YORK CITY POLICE OFFICER JUAN
GONZALEZ, Shield No. 27448, individually and    x
in his official capacity.

------------------------------------------------------------- x

### PLAINTIFF'S DISCLOSURES PURSUANT
### TO FED. R. CIV. P. 26(a)(1)

     Plaintiff NATASHA NANDALALL ("Nandalall"), by and through her undersigned

attorneys and pursuant to Rule 26 (a)(1) of the Federal Rules of Civil Procedure submits the

following disclosures to defendants The City of New York, the New York City Police

Department ("NYPD"), and NYPD Officer Juan Gonzalez ("Gonzalez").

    **26(a)(1)(A):**

    Natasha Nandalall
    2111 Haviland Avenue
    Bronx, New York 10472

    Ms. Nandalall is the plaintiff in this action and she will testify as to the unlawful and

unconstitutional treatment she was subjected to by the defendant on September 8 and 13, 2005,

and the affect it had on her.

    J. Hanley
    H.S. 455 - Harry S. Truman High School
    Brooklyn, New York  10475

1

Mr. Hanley reported to school officials the unlawful and unconstitutional treatment the

plaintiff was subjected to by the defendant on September 8 and 13, 2005.

Principal Sana Nasar
H.S. 455 - Harry S. Truman High School
750 Baychester Avenue
Bronx, New York 10475

Ms. Nasar was one of the witnesses who reported the unlawful and unconstitutional

treatment of the plaintiff to police and participated in the post incident transfer of plaintiff to

another school.

Andrea Joubert/Counsellor
H.S. 455 - Harry S. Truman High School
750 Baychester Avenue
Bronx, New York 10475

Ms. Joubert was plaintiff's assigned school counsellor at the time of the incident and

counselled her on matters concerning the impact this incident had on plaintiff.

Mr. Ramdial Nandalall
2111 Haviland Avenue
Bronx, New York 10472

Mr. Nandalall , plaintiff's father, will testify about the affects of the incident on the

plaintiff and her family.

Mrs. Andrawatee Nandalall
2111 Haviland Avenue
Bronx, New York 10472

Mrs. Nandalall, plaintiff's mother, will testify about the affects of the incident on the

plaintiff and her family.

Nadia Sobhan
Bronx, New York

2

Ms. Sobhan is plaintiff's cousin who will testify to the affects of the incident on plaintiff and her family.

> Mary McCluskey, LMSW
> Child Protection Coordinator
> North Central Bronx Hospital
> 3424 Kossuth Avenue
> Bronx, New York 10467

Ms. McCluskey is a social worker/therapist who treated the plaintiff on issues relating to the incident.

> Captain Valentim Neves
> School Safety Division - Manhattan/Bronx Task Force
> 1 Randall's Island
> New York, New York 10035

Captain Neves is an NYPD Commanding officer who was involved in the reporting of the unlawful and unconstitutional incident of which plaintiff was a victim.

> NYPD Officer, Juan Gonzalez, Shield No. 27448
> One Police Plaza
> New York, New York   10007

Mr. Gonzalez is a defendant in the action.

Since discovery has not yet commenced, Plaintiff reserves the right to amend and/or supplement this list of persons with pertinent information respecting claims, defenses and damages.

**26(a)(1)(B):**

Documents concerning the plaintiff's claim include, but are not limited to, the following: personnel files and documents of the defendant police officer; all police reports on the incident; all documents concerning the police department's internal investigation, including the

3

specifications and charges and all documents and files in the NYDP's Department Advocate

Office, pertaining to the incident involving defendant officer Juan Gonzalez;  CCRB documents

related to defendant; newspaper articles on and/or related to the incident; transcript of plaintiff's

50h hearing; photographs; school and medical records relating to the incident and/or injuries

suffered by the plaintiff.

**26(a)(1)(C):**

The plaintiff seeks damages in the following categories: deprivation of liberty,

psychological injury, emotional distress and mental pain and suffering and punitive damages.

Documents relating to her psychological injury, emotional distress and mental pain and suffering

include records maintained by the counsellors, therapists and psychiatrist who treated the

plaintiff.  Documents relating to punitive damages are in possession of the defendants.

**26(a)(1)(D):**

The plaintiff is not aware of any insurance agreements relevant to the claims at issue in

this action.

Dated:        New York, New York
              October 30, 2007


By: _____
    JONATHAN C. MOORE, Esq. (JM-6902)
    BELDOCK, LEVINE & HOFFMAN, LLP
    99 Park Avenue - 16th Floor
    New York, New York    10016
    (212) 490-0400
    *Attorneys for the Plaintiff*

4

# EXHIBIT 4

# BELDOCK LEVINE & HOFFMAN LLP

## 99 PARK AVENUE

### NEW YORK, N.Y. 10016-1503

ELLIOT L. HOFFMAN
MYRON BELDOCK
BRUCE E. TRAUNER
PETER S. MATORIN
KATHERINE G. THOMPSON
ROBERT L. HERBST
CYNTHIA ROLLINGS
JONATHAN MOORE
KAREN L. DIPPOLD
JEFFREY A. GREENBERG
JONATHAN K. POLLACK
VERA M. SCANLON

TEL: (212) 490-0400
FAX: (212) 557-0565
WEBSITE: blhny.com

LAWRENCE S. LEVINE (1934-2004)

SPECIAL COUNSEL
MARJORY D. FIELDS

COUNSEL
MELVIN L. WULF

REF:

WRITER'S DIRECT DIAL:

Lilia William/Paralegal
Special Federal Litigation Division
City of New York Law Department
100 Church Street
New York, New York 10007

November 13, 2007

RE:    Nandalall v. The City of New York, et al.
       07CV6257

Dear Ms. William,

    In response to your letter of October 18, 2007, please find enclosed the executed medical and school authorizations of plaintiff.

Sincerely,

Janice Badalutz
Legal Assistant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

Natasha Nandalall,

                                              Plaintiff,          **RELEASE FOR**
                                                                  **SCHOOL RECORDS**

                    -against-                                     07CV6257  (DAB)

The City of New York, A municipal entity, and NYPD
Officer, Juan Gonzalez, Shield No. 27448,

                                              Defendants

-----------------------------------------------------------------------x

TO: _Harry S. Truman H.S. # 455, 750 Baychester Avenue, Bronx, NY 10475_
       NAME OF SCHOOL

**YOU ARE HEREBY AUTHORIZED** to furnish to MICHAEL A. CARDOZO,
Corporation Counsel of the City of New York, attorney for the defendant(s) in the above-
captioned case, or to his authorized representative, a **CERTIFIED COPY** of the entire school
record of NATASHA NANDALALL (Date of Birth: _12-4-88_; Student ID # _127·74 3360_).

The entire school record, includes but is not limited to report cards, transcripts, test
results and scores, attendance records, evaluations, disciplinary records, chapter 53 student
screening, psychological/psychiatric records, parent/teacher conference notes, physical exam
records, medical/nurse records, and/or any doctors notes related to such person.

Dated:      New York, New York
       _November 12_, 2007

                                              _Natasha Nandalall_
                                              NATASHA NANDALALL


STATE OF NEW YORK        )
                         :  SS:
COUNTY OF _New York_     )

       On the _12th_ day of _November_, 2007, before me personally came and
appeared NATASHA NANDALALL, to me known and known to me to be the individual
described in and who executed the foregoing instrument, and who duly acknowledged to me that
she executed the same.

                                              _Jonathan C. Moore_
                                              NOTARY PUBLIC
                                        JONATHAN C. MOORE
                                   Notary Public, State of New York
                                            No. 02MO6047335
                                       Qualified in New York County
                                   Commission Expires August 28, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

Natasha Nandalall,

                                                              **RELEASE FOR**
                                        Plaintiff,            **SCHOOL RECORDS**

           -against-                                         07CV6257 (DAB)

The City of New York, A municipal entity, and NYPD
Officer, Juan Gonzalez, Shield No. 27448,

                                        Defendants
------------------------------------------------------------------------x

TO: _Herbert H. Lehman HS #405 3000 East Tremont Avenue Bronx New York 1046_
    NAME OF SCHOOL

        **YOU ARE HEREBY AUTHORIZED** to furnish to MICHAEL A. CARDOZO,
Corporation Counsel of the City of New York, attorney for the defendant(s) in the above-
captioned case, or to his authorized representative, a **CERTIFIED COPY** of the entire school
record of NATASHA NANDALALL (Date of Birth: _12-4-88_ ; Student ID #_27-74-
3360_ ).

        The entire school record, includes but is not limited to report cards, transcripts, test
results and scores, attendance records, evaluations, disciplinary records, chapter 53 student
screening, psychological/psychiatric records, parent/teacher conference notes, physical exam
records, medical/nurse records, and/or any doctors notes related to such person.

Dated:      New York, New York
        _November 12_ , 2007

                                        _Natasha Nandalall_
                                        NATASHA NANDALALL


STATE OF NEW YORK       )
                        :  SS:
COUNTY OF _New York_    )

        On the _12th_ day of _November_, 2007, before me personally came and
appeared NATASHA NANDALALL, to me known and known to me to be the individual
described in and who executed the foregoing instrument, and who duly acknowledged to me that
she executed the same.

                                        _Jonathan C. Moore_
                                        NOTARY PUBLIC

                               JONATHAN C. MOORE
                            Notary Public, State of New York
                                  No. 02MO6047335
                               Qualified in New York County
                            Commission Expires August 28, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

Natasha Nandalall,

                                        Plaintiff,                   **AUTHORIZATION TO**
                                                                     **DISCLOSE MEDICAL**
                  -against-                                          **INFORMATION**

City of New York ,                                                   07CV6257
                                                                     (DAB)

                                        Defendants.

-------------------------------------------------------------------x

TO: *MARY McCluskey, LMSW, CHild Protection Coordinator, North Central Bronx Hospital*
NAME AND ADDRESS OF MEDICAL PROVIDER *3424 Kossarth Avenue, Brony NY,*
                                                                     *10467*

        I authorize the use and disclosure of NATASHA NANDALALL health
information as described below.

        **YOU ARE HEREBY AUTHORIZED** to furnish to MICHAEL A. CARDOZO,
Corporation Counsel of the City of New York, attorney for the defendants in the above-
captioned case, or to his authorized representative, a certified copy of the entire medical or
hospital record of NATASHA NANDALALL (Date of Birth: *12-4-88*; SS #:
*Sept, 2005 To Present* ) who was examined or treated in your hospital or by you on or about

        The medical record authorized for release includes any and all x-rays of said
person and any and all diagnostic tests, studies, or reports of examinations relating to such
person.

        I understand that the information in my health record may include information
relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human
immunodeficiency virus (HIV).  It may also include information about behavioral or mental
health services, and treatment for alcohol, and drug abuse.

        This information may be disclosed to and used by the following organization:
The Office of the Corporation Counsel
100 Church Street
New York, NY 10007
for the purpose of defense of civil litigation

        I understand I have the right to revoke this authorization at any time.  I understand
if I revoke this authorization I must do so in writing and present my written revocation to the
health information management department.  Unless otherwise revoked, this authorization will
expire on the following date, event or condition:_____.  If I fail to specify an
expiration date, event or condition, this authorization will expire in six months.

I understand that authorization the disclosure of this health information is voluntary, I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed, as provided in 45 CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact (Name of Medical Provider's Risk Management Office).

Dated:     New York, New York
November 12 , 2007

_Natasha Nandalall_
NATASHA NANDALALL

STATE OF NEW YORK          )

COUNTY OF _New York_  :  SS:
                              )

On the _12th_ day of _November_ , 2007, before me personally came and appeared NATASHA NANDALALL, to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that she executed the same.

_Jonathan C. Moore_
NOTARY PUBLIC

JONATHAN C. MOORE
Notary Public, State of New York
No. 02MO6047335
Qualified in New York County
Commission Expires August 28, 2010



**AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA**

OCA Official Form No.: 960

[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| Natasha Nandalall | 12-4-88 | 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 |

Patient Address

2111 Haviland Avenue, Bronx, New York 10472

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:
In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to ALCOHOL and DRUG ABUSE, MENTAL HEALTH TREATMENT, except psychotherapy notes, and CONFIDENTIAL HIV* RELATED INFORMATION only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
Mary McCluskey LMSW Child Protection Coordinator, North Central Bronx Hospital

8. Name and address of person(s) or category of person to whom this information will be sent: 3424, Kossuth Ave. Bronx NY 10467

9(a). Specific information to be released:
☑ Medical Record from (insert date) September 13 2005 (insert date) Present
☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
☐ Other: _____

_____

_____

Include: (Indicate by Initialing)

_____ **Alcohol/Drug Treatment**
___X___ **Mental Health Information**
_____ **HIV-Related Information**

**Authorization to Discuss Health Information**

(b) ☐ By initialing here _____ I authorize _____
                    Initials                              Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:

_____
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>☐ At request of individual<br>☑ Other: Legal Matter | 11. Date or event on which this authorization will expire: |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

X Natasha Nandalall                    Date: November 18, 2007
Signature of patient or representative authorized by law.

* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

# EXHIBIT
# 5



*Spoke to Lilia 11/29/07 Re: subpoena will let know what receive from hospital*



**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**LILIA WILLIAM**
Phone: (212) 442-3238
Fax: (212) 788-9776
E-mail: liwillia@law.nyc.gov

November 26, 2007

Jonathan Moore
99 Park Avenue
New York, NY 10016

Re:  Natasha Nandalall v City of New York et.al
07CV6257

Dear Mr. Moore:

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are hereby provided notice that defendant(s) intend to serve the enclosed subpoena(s) in five (5) business days.

Sincerely yours,

Lilia William
Paralegal
Special Federal Litigation Division

Enclosure

AO 88 (11/91) Subpoena in a Civil Case

# *United States District Court*

| SOUTHERN | DISTRICT OF | NEW YORK |
| --- | --- | --- |

Natasha Nandalall

**SUBPOENA IN A CIVIL CASE**

V.

**CASE NUMBER:** 07CV6257

City of New York

TO:    **Mary McCluskey, LMSW**
      **Child Protection Coordinator**
      **North Central Bronx Hospital**
      **3424 Kossuth Avenue**
      **Bronx, NY 10467**

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**Certified copies of Natasha Nandalall's medical records. DOB: 12/04/1988; SSN: 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**

| PLACE | DATE AND TIME |
| --- | --- |
| New York City Law Department<br>100 Church Street<br>New York, NY 10007<br>Attn: Lilia William | December 19, 2007   9:00 am |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Senior Counsel<br>Attorney for Defendant City of New York | November 19, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Hillary A. Frommer
N.Y.C. Law Department, 100 Church Street
New York, New York 10007  (212) 788-0823

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the forgoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded

to travel from any such place within the state in which the trial is held, or

(i) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(ii) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT
# 6

*original one sent*
*2/12/08*

Hillary Frommer, Esq.
The City of New York Law Department
Corporation Counsel
100 Church Street
New York, New York 10007

February 12, 2008

Re: *Nanadalall v. The City of New York, et al. 07 Civ. 6257 (DAB)*

Dear Ms. Frommer,

Please find enclosed Plaintiff's First Set of Interrogatories and Document Requests in the above-captioned case.

Sincerely,

Janice M. Badalutz
Legal Assistant

*Resent*
*3/29/08*

# BELDOCK LEVINE & HOFFMAN LLP

## 99 PARK AVENUE

### NEW YORK, N.Y. 10016-1503

ELLIOT L. HOFFMAN
MYRON BELDOCK
BRUCE E. TRAUNER
PETER S. MATORIN
KATHERINE G. THOMPSON
ROBERT L. HERBST
CYNTHIA ROLLINGS
JONATHAN MOORE
KAREN L. DIPPOLD
JEFFREY A. GREENBERG
JONATHAN K. POLLACK
VERA M. SCANLON

TEL: (212) 490-0400
FAX: (212) 557-0565
WEBSITE: blhny.com

LAWRENCE S. LEVINE (1934-2004)

SPECIAL COUNSEL
MARJORY D. FIELDS
COUNSEL
MELVIN L. WULF

REF:

WRITER'S DIRECT DIAL:
212 278 835

Hillary Frommer, Esq.
The City of New York Law Department
Corporation Counsel
100 Church Street
New York, New York 10007

February 12, 2008

Re: *Nanadalall v. The City of New York, et al. 07 Civ. 6257 (DAB)*

Dear Ms. Frommer,

Please find enclosed Plaintiff's First Set of Interrogatories and Document Requests in the above-captioned case.

Sincerely,

Janice M. Badalutz
Legal Assistant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x

NATASHA NANDALALL,                                           x

               Plaintiff,                    x

   -against-                                        x          07 Civ. 6257   (DAB)

THE CITY OF NEW YORK, a municipal entity,                    x          **PLAINTIFF'S FIRST REQUEST**
NEW YORK CITY POLICE OFFICER JUAN                                       **FOR THE PRODUCTION OF**
GONZALEZ, Shield No. 27448, individually and                 x          **DOCUMENTS**
in his official capacity,

                                   x

               Defendants.                   x
------------------------------------------------------------ x

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Civil

Rules of the Southern and Eastern Districts of New York, plaintiffs request that the defendants

produce the items described below:

<u>Instructions</u>

A.    Each document is to be produced in its entirety, without abbreviation or

expurgation.

B.    To the extent that a full and complete response to any request would require the

production of documents being produced in response to another request, it is sufficient to identify

the specific document otherwise being produced and to identify the request in response to which

it is being produced.

C.    All terms in this request should be construed consistent with Rule 26.3 of the

Civil Rules of the Southern District of New York.  In addition, the terms "documents" and

"reports" include non-computer and computer documents and reports, as well as data stored in

computer systems but not printed.

D.      If any request for documents is deemed to call for the production of materials that are privileged in whole or in part, or materials protected from disclosure by the work-product doctrine or otherwise, an inventory of such documents is to be furnished containing, as to each document, the following information:

(1)      the type of document (e.g., letter, memorandum, handwritten notes; computer file);

(2)      the date of the document;

(3)      the title of the document;

(4)      the author of the document;

(5)      the names of any other persons who participated in the preparation of the document;

(6)      the addressee of the document;

(7)      the names of any other recipients of the document;

(8)      the subject matter of the document;

(9)      the number of pages in the document;

(10)    the present custodian of the document;

(11)    the present location of the document;

(12)    if the document is withheld in full, a statement of the facts constituting the basis for withholding the document, including but not limited to any and all privileges being invoked and;

(13)    if portions of the document are withheld, a statement of the facts constituting the basis for withholding those portions of the document, including but not limited to any and all

privileges being invoked.

     E.     If any request for documents is deemed to call for documents that have been lost, destroyed or discarded, an inventory of such documents is to be furnished containing the following information:

     (1)     the type of document (e.g., letter, memorandum, handwritten notes, computer file);

     (2)     the date of the document;

     (3)     the title of the document;

     (4)     the author of the document;

     (5)     the names of any other persons who participated in the preparation of the document;

     (6)     the addressee of the document;

     (7)     the names of any other recipients of the document;

     (8)     the subject matter of the document;

     (9)     the number of pages in the document;

     (10)     the date on which the document was lost, destroyed, or discarded;

     (11)     the manner in which the document was lost, destroyed, or discarded;

     (12)     the names of the persons ordering, authorizing, participating in or with knowledge of such loss, destruction, or discard; and

     (13)     the reason for the loss, destruction or discard.

## DOCUMENT REQUESTS

     1.     Each document referred to and/or relied upon in responding to the Plaintiff's

First Set of Interrogatories.

    2.      All documents concerning or relating to the incidents complained of in plaintiff's Complaint.

    3.      All documents relating to any inquiry and/or investigation concerning the conduct of defendant officer, Juan Gonzalez.

    4.      All documents identifying any and all members of the NYPD who were involved in any inquiry and/or investigation of police conduct of defendant officer, Juan Gonzalez.

    5.      All personnel records, in possession of the New York City Police Department or the New York City Department of Personnel, with respect to defendant officer, Juan Gonzalez, including, but not limited to:

    a.      The complete psychological testing files the defendant police officer, including the tests and the results administered by the New York City Police Department prior to employment, at employment or at any time during employment;

    b.      Pre-employment records, including background investigations of each officer;

    c.      Medical records;

    d.      Central Personnel Index file records or other similarly defined records;

    e.      Personnel file maintained by the defendant New York City Police Department or the New York City Department of Personnel;

    f.      Civilian Complaint Review Board and Civilian Complaint Unit records or other similarly defined records;

    g.      Internal Affairs or Inspectional Services Division records;

    h.      Early Warning/Intervention records or other similarly defined records;

    i.      Requests for disability pension or early retirement, particularly if related to

psychological reasons;

    j.    Use of force, firearms discharge or assault reports and records relating to investigation of same;

    k.    In-service training records, including syllabi and tests and individual scores by officers;

    l.    Records of requests for fitness for duty evaluations and the results of such evaluations, and;

    m.    Psychological Services Unit (PSU) records or other similarly defined records as to the defendant police officer;

    n.    To the extent not covered in "f" and "g" above, all documents relating to any civilian generated or departmental generated complaints of police misconduct, dereliction of duty or violations of the penal laws or regulations of the New York City Police Department, including, but not limited to, physical brutality, verbal abuse, and racial or gender motivated violence or abuse;

    o.    All requests for leaves of absence.

    p.    All requests relating to line of duty (LOD) injuries.

6.    All documents concerning, or in any way relevant to, any formal or informal complaint made against Juan Gonzalez concerning the conduct of defendant officer, including, but not limited to, the following:

    a.    Documents concerning all complaints and/or other disciplinary or police review of policy by the Internal Affairs Division.

    b.    The complete documents and materials concerning each incident listed on the police officer's disciplinary record(s).

    c.    The complete documents and materials maintained by the NYPD concerning all complaints and other disciplinary or internal police review of the activities of defendant officer.

    d.    All information contained in computers maintained by the NYPD, or any subdivision thereof, including but not limited to information which is retrievable by computer codes.

5

7.    Any and all documents in the possession of the defendant or the New York City

Police Department which relate in anyway to the allegations made by plaintiff in her Complaint.


Dated:        New York, New York
              February 11, 2008


              _____
              JONATHAN C. MOORE (JM 6902)

              BELDOCK, LEVINE & HOFFMAN, LLP
              99 Park Avenue, Suite 1600
              New York, New York 10016
              (212) 490-0400

              *Attorneys for the Plaintiff*

TO:    Hillary Frommer, Esq.
       Assistant Corporation Counsel
       New York City Department of Law
       100 Church Street
       New York, NY 10007

       *Attorney for Defendants*

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

NATASHA NANDALALL,                           x

                     Plaintiff,                x

       -against-                              x          07 Civ. 6257 (DAB)

THE CITY OF NEW YORK, a municipal entity,   x
NEW YORK CITY POLICE OFFICER JUAN                      **PLAINTIFF'S FIRST SET**
GONZALEZ, Shield No. 27448, individually and  x        **OF INTERROGATORIES**
in his official capacity,

                     Defendants.            x

------------------------------------------------------------ x

        Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rules 26.3 and 33.3 of

the Local Civil Rules of the Southern District, Plaintiffs request that Defendants answer under

oath the following interrogatories within thirty days after service hereof, at the Law Offices of

Beldock, Levine & Hoffman, LLP, 99 Park Avenue, New York, N.Y. 10016. These

interrogatory requests are continuing so as to require supplemental responses if defendants

obtain additional information between the time of the response and the conclusion of trial. In

answering these interrogatories, you are required to furnish such information as is available to

you, including information in the possession of your attorneys and investigators for your

attorneys.

### DEFINITIONS

        The following definitions shall apply to all discovery requests:

      1.     **Communication**. The term 'communication' means the transmittal of

information (in the form of facts, ideas, inquiries or otherwise).

      2.     **Document**. The term 'document' is defined to be synonymous in meaning and

equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of a non-identical copy is a separate document within the meaning of this term.

3.    **Identify (With Respect to Persons).** When referring to a person, 'to identify' means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4.    **Identify (With Respect to Documents).** When referring to documents, 'to identify' means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

5.    **Parties.** The terms 'plaintiff' and 'defendant' as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6.    **Person.** The term 'person' is defined as any natural person or any business, legal or governmental entity or association.

7.    **Concerning.** The term 'concerning' means relating to, referring to, describing, evidencing or constituting.

## RULES OF CONSTRUCTION

A.    **All/Each.** The terms 'all' and 'each' shall be construed as all and each.

B.    **And/Or.** The connectives 'and' and 'or' shall be construed either disjunctively or

2

conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

     C.    **Number.**  the use of the singular form of any word includes the plural and vice versa.

## INTERROGATORIES

    1.    Identify the person or persons answering these interrogatories or who provided any information to the defendants in answering these interrogatories.

    2.    Identify the names of any and all members of the New York City Police Department ("NYPD") who took part in the investigation of defendant officer Juan Gonzalez with regard to any complaints made by plaintiff herein.

    3.    Identify all procedures and/or acts taken by the NYPD in response to any and all complaints made by the plaintiff herein.

    4.    Identify all charges that were brought against defendant officer by the NYPD in response to any and all complaints made by the plaintiff herein.

    5.    Identify all NYPD employees who were involved in any way in determining and/or substantiating the charges that were brought against defendant officer Juan Gonzalez.

    6.    Identify the disposition of the charges brought against defendant officer Juan Gonzales, including but not limited to, the disciplinary measure, if any, taken against defendant officer.

    7.    Identify any and all witnesses known to the defendants who were present at the scene, or involved in any way, or who witnessed or have knowledge of the incident involving the plaintiff on September 13, 2005, or any dates prior there to.

    8.    Identify any and all witnesses known to the defendants who were present,

involved in any way, or who witnessed or have knowledge of any of the events leading up and/or related to the incident involving the plaintiff that took place on September 13, 2005.

9.    State whether any statements were obtained by the defendant or on his behalf, from any person concerning any matter relating to this action.

If so, for each statement, state:

(a)  the name, address and occupation of the person who made it;

(b)  the name, address and occupation of the person who obtained it;

(c)  the date and time it was obtained;

(d)  whether written, sound recorded or oral, and, if written or sound recorded, the name and address of the person who has custody of it.

10.   State whether any statements were obtained of the defendant or on his behalf, from any person concerning any matter relating to this action.

If so, for each statement, state:

(a)  the name, address and occupation of the person who made it;

(b)  the name, address and occupation of the person who obtained it;

(c)  the date and time it was obtained;

(d)  whether written, sound recorded or oral, and, if written or sound recorded, the name and address of the person who has custody of it.

11.   Identify all School Safety Division officers or investigators, Internal Affairs Division (IAD) officers or investigators, and/or Civilian Complaint Review Board (CCRB) officers or investigators who investigated, in any way, the wrongful conduct of defendant police officer Juan Gonzalez.

12.   List the name and address of each and every person who has knowledge of the

4

defendant officer's wrongful conduct.

13.    Identify any and all documents prepared by any member of the NYPD which relates in any way to the incidents described in ¶¶ 16 through 27 of the Complaint.

Dated:        February 11, 2008
              New York, New York

                              By: _____
                                  Jonathan Moore (JM 6902)
                                  Beldock Levine & Hoffman LLP
                                  99 Park Avenue - 16th Floor
                                  New York, New York  10016
                                  (212) 490-0400

                                  *Counsel for the Plaintiffs*

TO:    Hillary Frommer, Esq.
       Assistant Corporation Counsel
       New York City Department of Law
       100 Church Street
       New York, NY 10007