UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

NATASHA NANDALALL,

              Plaintiff,              07 Civ. 6257 (DAB)

  -against-

THE CITY OF NEW YORK and POLICE
OFFICER JUAN GONZALEZ, Shield Number
274458

             Defendants.

------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR RELIEF FROM THIS COURT'S MAY 1, 2008
ORDER DISMISSING DEFENDANT JUAN GONZALEZ
FROM THIS CASE WITHOUT PREJUDICE FOR
FAILURE TO PROSECUTE**

Plaintiff, NATASHA NANDALALL, submits this memorandum of law, filed pursuant to Rule 60(b) and Local Civil Rule 6.3, in support of her motion for relief from this Court's May 1, 2008 Order dismissing Defendant Juan Gonzalez from this case without prejudice for failure to prosecute.

**STATEMENT OF FACTS**

On May 1, 2008, Plaintiff's counsel received an ECF notification that due to Plaintiff's alleged failure to prosecute this case against Defendant Juan Gonzalez the Court was dismissing the Complaint against him without prejudice. The misunderstanding that led to this Court's Order of May 1, 2008, was due to the fact that Plaintiff's counsel was unaware, because of excusable neglect, mistake or inadvertence, of this Court's earlier Order, dated March 6, 2008, wherein the Court ordered Plaintiff to show cause why her Complaint against Defendant Juan

Gonzalez should not be dismissed for failure to prosecute. As we set forth below, and in the accompanying affirmation of counsel and affidavit, the inadvertent failure on the part of plaintiff to respond to this Court's March 6th Order of Show Cause, upon which the Court relied to dismiss defendant Juan Gonzalez from this case without prejudice for failure to prosecute the case against Gonzalez was the result of excusable neglect. In fact, the plaintiff has, in fact, engaged in significant efforts to prosecute this action.

The misunderstanding that led to this Court's Order of May 1, 2008, was due to the fact that plaintiff's counsel was unaware of this Court's earlier Order, dated March 6, 2008, wherein the Court ordered Plaintiff to show cause why her Complaint against Defendant Juan Gonzalez should not be dismissed for failure to prosecute. As detailed in counsel's affirmation, upon receiving the ECF dated May 1, 2008, he checked his email and found the March 6, 2008 ECF Order of this Court. However, the March 6, 2008 ECF Order apparently went to his Spam folder and not his Inbox folder, fact of which he was unaware.

Following the discovery of the March 6, 2008 ECF Order in the span folder of his email service provider, it was determined that counsel's computer was infected with numerous viruses which, presumably, was the reason why the March 6th Order was misdirected into his spam folder. Subsequently, the internet technician who maintains counsel's firm's had these viruses removed and a new virus program installed.

As detailed in the Affirmation of Jonathan C. Moore, as well as the Affidavit of Janice Badalutz, submitted with this motion, Plaintiff has taken significant steps to prosecute this case. These efforts to prosecute this matter have included, *inter alia*, timely Rule 26(a) disclosures, the serving on the defendants of Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents and the providing of medical and school authorizations to the

defendants. The Plaintiff has also been examined by a psychiatrist, Dr. Gloria Ellis, M.D., who has already provided an expert evaluation of the Plaintiff to my office. Plaintiff has also done significant investigation of other incidents that defendant Juan Gonzalez was involved in prior to this sexual assault of the plaintiff in this case.

It is clear that the failure of the Plaintiff to respond to this Court's Order to Show Cause was due to mistake, inadvertence and excusable neglect because of a computer malfunction in Plaintiff's counsel's office and had nothing to do with the Plaintiff herself. Plaintiff's counsel can assure this Court that there will be no future failure to comply with any orders of this Court. Moreover, the Court's assumption, not unreasonable in light of the fact that no response was provided to the March 6th Order, that the plaintiff has failed to prosecute this case is, in light of the efforts detailed above and in the accompanying affirmation and affidavit, is mistaken. Because the order dismissing defendant Juan Gonzalez was based on this mistaken view of what has factually occurred in this case, this Court should reconsider and vacate its May 1st Order.

## ARGUMENT

"A party moving for reconsideration of a Court Order must demonstrate that the Court overlooked controlling decisions or factual matters that were put forth in the underlying proceeding, and that might reasonably be expected to alter the conclusion reached by the court." *Conopco, Inc., v. Wein*, 2007 WL 2438386, at *1 (S.D.N.Y. Aug. 28, 2007) (citing Local Civil Rule 6.3 of the Southern District of New York); *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2nd Cir. 2000); *Jones v. Donnelly*, 487 F.Supp.2d 418, 419 (S.D.N.Y. 2007).

Rule 60(b) of the Federal Rules of Civil Procedure permits a court, on motion of a party, to "relieve that party from a judgment or order for certain specified reasons, including "excusable neglect (,) . . . newly discovered evidence . . . (or) any other reasons justifying relief . . ." *Lyell*

*Theatre Corporation v. Lowe's Corporation*, 682 F.2d 37, 40 (2nd Cir. 1982).

Under either legal standard set forth above the plaintiff in this case has more than satisfied her burden of establishing good grounds for this Court to vacate its Order dismissing defendant Juan Gonzalez without prejudice. As set forth above, and in the accompanying affirmation and affidavit, plaintiff's counsel was not aware of this Court's March 6, 2008 Order to Show Cause for reasons that establish excusable neglect.

Moreover, the primary rationale underlying a dismissal is the "failure of plaintiff in his duty to process (her) case diligently." *Id.*, 682 F.2d at 41, *citing*, *Messenger v. United States*, 231 F.2d 328, 331 (2nd Cir. 1956). As the Court further indicated in *Lyell Theatre Corporation*, although failure to prosecute is not defined in Rule 41(b), it generally involves "an action lying dormant with no significant activity to move it or in a pattern of dilatoary tactics." *Id.* Neither of those situations exist in this case. The plaintiff here has, in fact, engaged in significant activity to prosecute this case. These efforts to prosecute this matter have included, *inter alia*, timely Rule 26(a) disclosures, the serving on the defendants of Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents and the providing of medical and school authorizations to the defendants. The Plaintiff has also been examined by a psychiatrist, Dr. Gloria Ellis, M.D., who has already provided an expert evaluation of the Plaintiff to my office. Plaintiff has also done significant investigation of other incidents that defendant Juan Gonzalez was involved in prior to this sexual assault of the plaintiff in this case.

Moreover, neither of the defendants in this case can reasonably argue that the inadvertent and excusable failure of the plaintiff to respond to an Order to Show Cause she never knew about has in any way created any undue prejudice for these defendants. Unlike in *Lyell Threatre Corporation*, where there was "delinquent inactivity, adjournments and delay over the seven year

span during which this conduct persisted," *id.*, 682 F.2d at 43, nothing even similar to that kind of conduct has occurred in this case. Here we are talking about an inadvertent and excusable failure to respond to an Order to Show Cause entered in the ECF system and, for reasons which can not be explained, sent to plaintiff's counsel's spam email account. As we have shown, both before and during the period of time the Order to Show Cause was pending, the plaintiff was engaged in significant activity in a case that has been pending only 10 months.

## CONCLUSION

For the above stated reasons, it is respectfully requested that this Honorable Court should reconsider its Order dismissing defendant Juan Gonzalez without prejudice from this case, vacate its May 1, 2008, and permit the plaintiff to continue to prosecute this matter against all the defendants in a unitary action.

Dated:     May 8, 2008
           New York, New York

                                    Respectfully submitted,

                                    _____
                                    JONATHAN C. MOORE, Esq.  (JM 6902)
                                    BELDOCK LEVINE & HOFFMAN LLP
                                    99 Park Avenue - 16th Floor
                                    New York, New York   10016
                                    (212) 353-9587

                                    *Attorneys for the Plaintiff*