UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NATASHA NANDALALL,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, a municipal entity,
NEW YORK CITY POLICE OFFICER JUAN
GONZALEZ, Shield No. 27448, individually and
in his official capacity,

                              Defendants.

Defendant Gonzalez's
Answer to Complaint
with Cross-Claims

07 CV 6257
(DAB)

**Trial By Jury Demanded**

------------------------------------------------------------X

       Defendant Police Officer Juan Gonzalez (hereinafter P.O. Gonzalez) by his attorneys, WORTH, LONGWORTH & LONDON, LLP, as and for his Answer to the Plaintiff's Complaint, respectfully responds as follows:

## PRELIMINARY STATEMENT

1.      Denies the allegations contained in paragraph 1 of plaintiff's complaint and refers all questions of law to this court.

2.      Denies the allegations contained in paragraph 2 of plaintiff's complaint.

3.      Denies that plaintiff is entitled to any such damages.

## JURISDICTION

4.      Denies the allegations contained in paragraph 4 of plaintiff's complaint and refers all questions of law to this court.

5.      Denies the allegations contained in paragraph 5 of plaintiff's complaint and refers all questions of law to this court.

6.      Denies the allegations contained in paragraph 6 of plaintiff's complaint and refers all

questions of law to this court.

## VENUE

7. Denies the allegations contained in paragraph 7 of plaintiff's complaint and refers all questions of law to this court.

## JURY DEMAND

8. Defendant states that the allegations set forth in paragraph "8" of plaintiff's complaint are not averments requiring responses.

## PARTIES

9. Denies knowledge and information sufficient to form a belief as to the allegations contain in paragraph 9 of plaintiff's complaint.

10. Denies knowledge and information sufficient to form a belief as to the allegations contain in paragraph 10 of plaintiff's complaint.

11. Admit that Police Officer GONZALEZ at all relevant times mentioned in the complaint, was and is, employed as a New York City Police Officer by the Defendant City of New York.

12. Admit that Police Officer GONZALEZ at all relevant times mentioned in the complaint, was an employee, agent, servant, and Officer of the New York City Police Defendant.

13. Admit that Police Officer GONZALEZ at all relevant times mentioned in the complaint, was and is, employed as a New York City Police Officer by the Defendant City of New York and

was performing his duties lawfully and under the color law.

14. Admit that Police Officer GONZALEZ at all relevant times mentioned in the complaint, was and is, employed as a New York City Police Officer by the Defendant City of New York and

was performing his duties lawfully and under the color law.

15.    Denies the allegations contained in paragraph 15 of plaintiff's complaint and refers all questions of law to this court

## STATEMENT OF FACTS

16.    Denies knowledge and information sufficient to form a belief as to the allegations contain in paragraph 16 of plaintiff's complaint.

17.    Denies each and every allegation contained in paragraph 17 of plaintiff's complaint.

18.    Denies each and every allegation contained in paragraph 18 of plaintiff's complaint.

19.    Denies each and every allegation contained in paragraph 19 of plaintiff's complaint.

20.    Denies each and every allegation contained in paragraph 20 of plaintiff's complaint.

21.    Denies each and every allegation contained in paragraph 21 of plaintiff's complaint.

22.    Denies each and every allegation contained in paragraph 22 of plaintiff's complaint.

23.    Denies each and every allegation contained in paragraph 23 of plaintiff's complaint.

24.    Denies each and every allegation contained in paragraph 24 of plaintiff's complaint.

25.    Denies knowledge and information sufficient to form a belief as to the allegations contain in paragraph 25 of plaintiff's complaint

26.    Denies each and every allegation contained in paragraph 26 of plaintiff's complaint.

27.    Denies knowledge and information sufficient to form a belief as to the allegations contain in paragraph 27 of plaintiff's complaint.

28.    Denies knowledge and information sufficient to form a belief as to the allegations contain in paragraph 28 of plaintiff's complaint.

29.    Denies each and every allegation contained in paragraph 29 of plaintiff's complaint.

30.    Denies each and every allegation contained in paragraph 30 of plaintiff's complaint.

## AS AND FOR AN ANSWER TO PLAINTIFF'S

**FIRST CLAIM FOR RELIEF**

31.     In response to paragraph "31" of plaintiff's complaint, Defendant Officer GONZALEZ

repeats and reiterates each and every response set forth in paragraphs numbered "1" through "30"

as if same were more fully set forth at length herein.

32.     Denies each and every allegation contained in paragraph 32 of plaintiff's complaint.

33.     Denies each and every allegation contained in paragraph 33 of plaintiff's complaint.

**AS AND FOR AN ANSWER TO THE SECOND
CLAIM FOR RELIEF**

34.     In response to paragraph "34 of plaintiff's complaint, Defendant Officer GONZALEZ

repeats and reiterates each and every response set forth in paragraphs numbered "1" through "33"

as if same were more fully set forth at length herein.

35.     As to the allegations against Defendant Gonzalez, deny each and every allegation

contained in paragraph 35 a-g.

36.     Denies each and every allegation contained in paragraph 36 of plaintiff's complaint.

**AS AND FOR AN ANSWER TO THE THIRD
CLAIM FOR RELIEF**

37.     In response to paragraph "37" of plaintiff's complaint, Defendant Officer Gonzalez

repeats and reiterates each and every response set forth in paragraphs numbered "1" through "36"

as if same were more fully set forth at length herein.

38.     Denies knowledge and information sufficient to form a belief as to the allegations contain

in paragraph 38 of plaintiff's complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE OF**
**DEFENDANT POLICE OFFICER GONZALEZ**

39. Plaintiff's complaint fails to state a claim upon which relief can be granted as against P.O. Gonzalez both in his official and individual capacity.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE OF**
**DEFENDANT POLICE OFFICER GONZALEZ**

40. That the alleged incident and damages, if any, alleged to have been sustained by the plaintiff on the occasion(s) mentioned in the complaint were wholly or in part caused by the culpable conduct of the plaintiff.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE OF**
**DEFENDANT POLICE OFFICER GONZALEZ**

41. That the actions of P.O. Gonzalez, as a sworn police officer of the defendant, CITY OF NEW YORK, was justified and was done in good faith, in that defendant police officer reasonably believed that he was exercising and acting within his statutory and constitutional powers.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE OF**
**DEFENDANT POLICE OFFICER GONZALEZ**

42. The plaintiff's complaint fails to set forth facts sufficient to constitute deprivation of any constitutional rights or other basis for a civil rights claim.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE OF**
**DEFENDANT POLICE OFFICER GONZALEZ**

43. P.O. Gonzalez acted reasonably and in good faith in discharging his official duties and responsibilities, and as such defendant P.O. Gonzalez is entitled to qualified immunity.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE OF**
**DEFENDANT POLICE OFFICER GONZALEZ**

44. Causes of Action alleged in plaintiff's complaint are barred by the applicable statute of

limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER GONZALEZ

45.     Upon information and belief, the injuries or damages alleged in the complaint were or may have been caused in whole or in part by parties now or hereafter to be named as co-defendants or third-party defendants and accordingly the liability of the answering defendant Gonzalez is or may be limited by the provisions of Article 16 of the CPLR.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER GONZALEZ

46.     That any sums of consideration paid or promised to plaintiff by any person(s) or corporation(s) claimed to be liable for the injuries or damages alleged in the complaint shall reduce any judgment rendered in favor of plaintiff as against defendant Gonzalez to the extent of the greater of either the sums or consideration paid or promised to plaintiff or the amount of the released tortfeasor's (s') equitable share(s) of the damages in accordance with General Obligation Law § 15-108, et. seq.

### AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER GONZALEZ

47.     Any aware for recovery of the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings, or other economic loss claimed by the plaintiff (s) shall be reduced to the extent that any such cost or expense was or will with reasonable certainty be replaced or indemnified from any collateral source pursuant to CPLR § 4545.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT, <u>CITY OF NEW YORK</u>

48. If the plaintiff was caused damages as alleged in the plaintiff's complaint, due to any culpable conduct other than plaintiff's own culpable conduct, then such damages were subsequently due to the culpable conduct, negligent acts of omission or commission of defendant, THE CITY OF NEW YORK.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT, <u>CITY OF NEW YORK</u>

49. All of the acts of P.O. Gonzalez were performed within the scope of her duty and within the scope of her employment as a New York City Police Officer, and any liability to the plaintiff must be assumed by his employer, the defendant, THE CITY OF NEW YORK, pursuant to the principle of respondeat superior.

### AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT, <u>CITY OF NEW YORK</u>

50. Pursuant to this principle of law, if the plaintiff recovers any judgment against P.O. Gonzalez then said defendant is entitled to recover the amount of such judgment from defendant, THE CITY OF NEW YORK.

### AS AND FOR A FOURTH CROSS-CLAIM AGAINST <u>DEFENDANT, CITY OF NEW YORK</u>

51. All of the actions of P.O. Gonzalez were performed within the performance of his duty and within the scope of his employment as a New York City Police Officer, and any liability to the plaintiff must be assumed by defendant, THE CITY OF NEW YORK, pursuant to NYS General Municipal Law Section 50-K.

52    Any damages sustained by the plaintiff at the time or place mentioned in the plaintiff's complaint are embraced within the provisions of NYS General Municipal Law Section 50-K.

53.   Pursuant to this provision of NYS General Municipal Law Section 50-K, if the plaintiff recovers any judgment against P.O. Gonzalez, the answering defendant is entitled to recover the amount of such judgment from the defendant, THE CITY OF NEW YORK.

WHEREFORE, Defendant Police Officer Gonzalez respectfully demands judgment against the plaintiff as follows:

(a)   Dismissing the plaintiff's complaint in its entirety;

(b)   Over and against the defendant, THE CITY OF NEW YORK for the amount of any judgment obtained against defendant P.O. Gonzalez;

(c)   Granting defendant P.O. Gonzalez costs, disbursements, expenses of the action, reasonable attorneys fees, and such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         August 21, 2008

Yours, etc.,

By: Mitchell Garber (MSG 6652)
WORTH, LONGWORTH &
LONDON, LLP
Attorney for Defendant Officer Gonzalez
111 John Street - Suite 640
New York, New York   10038
(212) 964-8038

TO:

Jonathan C. Moore, Esq.
Beldock Levine & Hoffman, LLP
99 Park Avenue - Suite 1600
New York, NY 10016

MICHAEL A. CARDOZO, ESQ.
Corporation Counsel of the City of New York
Attorney for Defendant City of New York
100 Church Street
New York, New York 10007
Attn: Hillary Ann Frommer, Assistant Corporation Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2008, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants: Jonathan C. Moore, Esq. and Hillary Ann Frommer.

_____
BY: Mitch Garber (6652)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATASHA NANDALALL,

                Plaintiff,

-against-

THE CITY OF NEW YORK, a municipal entity,    07 CV 6257
NEW YORK CITY POLICE OFFICER JUAN         (DAB)
GONZALEZ, Shield No. 27448, individually and
in his official capacity,

                Defendants.

DEFENDANT GONZALEZ'S ANSWER TO THE COMPLAINT WITH CROSS CLAIMS

*Worth, Longworth & London, LLP*
*Attorneys for Defendant JUAN GONZALEZ*
*111 John Street, Suite 640*
*New York, NY 10038*
*(212) 964-8038*